UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES, | ) |
| | ) |
| v. | ) Case No. 1:23-cr-241 |
| | ) |
| CINDY YOUNG | ) |
| *Defendant.* | ) |
| | ) |

**DEFENDANT'S MOTION TO UNSEAL GOVERNMENT'S OBJECTION TO DEFENDANT'S SUPPLEMENTAL DEFENSE WITNESS ECF NOS. 63 AND 64**

On July 2 and 3, 2024, the Government filed under seal objections to Defendant's exhibits and witness respectively. ECF Nos. 63 and 64. The Government wishes to hide from the public the witness that Defendant Cindy Young wishes to call at her trial set for August 5, 2024 but has failed to come forward with specific reasons why. *Pietrangelo v. Refresh Club, Inc.*, 18-cv-1943-DLF-ZMF, at *4 (D.D.C. Aug. 8, 2022).

"The burden is on the party seeking to restrict disclosure "to come forward with specific reasons why the record, or any part thereof, should remain under seal." *Johnson v. Greater Se. Cmty. Hosp. Corp.*, 951 F.2d 1268, 1278 (D.C. Cir. 1991)." *Pietrangelo v. Refresh Club, Inc.*, 18-cv-1943-DLF-ZMF, at *3 (D.D.C. Aug. 8, 2022). Justifying the need for sealing is required by the Court to overcome "the always strong presumption in favor of public access to judicial proceedings." *United States v. Hubbard*, 650 F.2d 293, 317 (D.C. Cir. 1980). The Government has failed to provide any articulable reason that would overcome the strong presumption of public access. Moreover, the Government attached as an Exhibit to ECF No. 63 a portion of the trial transcript from *United States v. Warner, et al.,* 1:21-cr-393. In that trial, in the afternoon of November 3, 2023, Defense counsel attempted to enter into evidence the same video from the

1

same witness Ms. Young seeks to admit. The discussion occurred in open court and the trial transcript was not redacted, and is available to the public, showing that this issue has a strong presumption of public access.

In January 6 cases, public access is more important than any other cases in history. The Government has already prosecuted one thousand five hundred January 6 defendants and has indicated that it intends to arrest thousands more. The issue being litigated in this motion is relevant for everyone of those cases and therefore the public has a strong interest in access. Accordingly, the Court must conclude that unsealing is in the interests of justice. *Pietrangelo v. Refresh Club, Inc.*, 18-cv-1943-DLF-ZMF, at *4 (D.D.C. Aug. 8, 2022). For those reasons stated above, the Court should grant Defendant's Motion to Unseal.

Dated: July 3, 2024                                          Respectfully Submitted,

/s/ Jonathan Gross
JONATHAN GROSS
Bar ID: MD0162
2833 Smith Ave., Suite 331
Baltimore, MD 21209
(443) 813-0141
jonathansgross@gmail.com

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on July 3, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, with consequent service on all parties.

/s/ Jonathan Gross